## Parole from House of Correction

LAWLEY, JR., Assistant Deputy Attorney General, December 16, 1952.—We have before us your communication requesting the advice of this department as to the authority of the Pennsylvania Board of Parole to parole inmates of the House of Correction, Employment and Reformation for adults and minors in the City of Philadelphia (hereinafter called the house of correction).

Preliminarily, it should be observed that the general powers of the Pennsylvania Board of Parole are contained in section 17 of the Act of August 6, 1941, P. L. 861, as amended, which section, 61 PS §331.17, provides, in part, as follows:

"The board shall have exclusive power to parole . . . all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, . . . "Provided, however, That the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, . . ."[1]

Since the above section limits jurisdiction to persons sentenced[2] to any penal institution of the State or county (Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 584 (1942)), it will be necessary for us to deter-

---

[1] Assuming the board otherwise has jurisdiction, it is only in a very limited class of cases that the authorized period of confinement in the house of correction would come within this two-year minimum. See section 12 of the Act of June 2, 1871, P. L. 1301, 61 PS §681.

[2] For the purpose of this opinion, the words "sentence" and "commitment" are considered to be synonymous. See People v. La Sasso, 44 N. Y. S. 2d 93, 98 (1943).

mine whether the house of correction is such an institution.

The title of the Act of June 2, 1871, P. L. 1301, creating the house of correction, provides as follows:

"To establish and maintain *for the city of Philadelphia,* a house of correction, employment and reformation for adults and minors." (Italics supplied.)

Section 1 of the act provides, in part, as follows:

"Be it enacted . . . That the managers of the house of correction, employment and reformation, for adults and minors, *elected under ordinance of the councils of the city of Philadelphia,* approved December twentyninth, one thousand eight hundred and seventy, and their successors forever, be and they are hereby erected and *made a body politic and corporate, in deed and in law, by the name, style and title of the House of Correction, Employment and Reformation for adults and minors, in the city of Philadelphia,* and shall have full power to make improvements, maintain and control the said institution, buildings and grounds, . . ." (Italics supplied.)

The Philadelphia Home Rule Charter, approved by the electors April 17, 1951, P. L. (1951-52) 2241, which became effective January 7, 1952, provides in chapter 7, art. 5 (Executive and Administrative Branch—Powers and Duties), that the board of trustees of each city institution within the Department of Public Welfare shall exercise certain powers. Section 5-701 specifically states at page 2285:

"The foregoing powers shall be exercised by the respective boards of trustees in the management of the following institutions:

"House of Correction, . . ."

From the above provisions, it is clear that the house of correction was created as a purely municipal institution, and remains as such under the Philadelphia

Home Rule Charter. We conclude, therefore, that the house of correction does not come within the purview of section 17, since it is neither a penal institution of the State nor of the county, but rather a municipal institution, and consequently, the power of the Board of Parole does not extend to persons committed to the house of correction, except in the following instances:

Section 3 of the Act of June 2, 1871, supra, 61 PS §672, provides that the inspectors of the county prison may order commitments to the house of correction of persons "who shall apply to them for such purpose". It is not clear just when, and under what circumstances this power could be exercised. If a person is sentenced to the county prison for a period of not less than two years, the Board of Parole would have exclusive jurisdiction to parole such person from that confinement. It would not lose jurisdiction because the inspectors of the county prison commit the inmate to the house of correction. The same is true of transfers to the house of correction from other institutions by authority granted to the Department of Welfare of the Commonwealth, by the Act of July 11, 1923, P. L. 1044, as amended, 61 PS §72, and the Act of April 18, 1929, P. L. 542, 61 PS §71.

We are of the opinion therefore, and you are accordingly advised that the Pennsylvania Board of Parole does not have jurisdiction to parole persons committed to the House of Correction, Employment and Reformation for adults and minors in the City of Philadelphia, except where there is a commitment from the Philadelphia County Prison to the house of correction of a person over whom the Board of Parole does have jurisdiction, or a transfer to the house of correction by authority granted to the Department of Welfare of the Commonwealth of Pennsylvania.